IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUZANNE LOUGHLIN, HARRY RHULEN, and JAMES SATTERFIELD, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 20-1055-LPS |
| CHRISTINE HARADA, DAVID HANLON, STEVEN D. CROXTON, EYAL HEN, and ROBERT A. BERMAN, | : : : : : | |
| Defendants. | : : | |

**MEMORANDUM ORDER**

At Wilmington this **28th** day of **February, 2022**:

Pending before the Court is Defendants Christine Harada ("Harada"), David Hanlon ("Hanlon"), Steven D. Croxton ("Croxton"), Eyal Hen ("Hen"), and Robert A. Berman's ("Berman," and collectively with Harada, Hanlon, Croxton, and Hen, "Defendants") motion for reconsideration of the Court's order entered on September 28, 2021 (D.I. 23) denying Defendants' motion to dismiss (D.I. 15) Plaintiffs Suzanne Loughlin ("Loughlin"), Harry Rhulen ("Rhulen"), and James Satterfield's ("Satterfield," and collectively with Loughlin and Rhulen, "Plaintiffs") amended complaint (D.I. 12). The Court has reviewed the parties' submissions (*see, e.g.*, D.I. 27, 29, 31). For the reasons explained below, **IT IS HEREBY ORDERED** that Defendants' motion for reconsideration (D.I. 27) is **DENIED**.

1. A motion for reconsideration is governed by Local Rule 7.1.5. *See, e.g., Helios Software, LLC v. Awareness Techs., Inc.*, 2014 WL 906346, at *1 (D. Del. Mar. 5, 2014). A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in

1

controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Parkell v. Frederick*, 2019 WL 1435884, at *1 (D. Del. Mar. 31, 2019) (internal citation omitted). Reconsideration may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Wood v. Galef-Surdo*, 2015 WL 479205, at *1 (D. Del. Jan. 26, 2015) (internal citation omitted). While the decision on a motion for reconsideration is within the discretion of the Court, such motions "should only be granted **sparingly**." *Kavanagh v. Keiper Recaro Seating, Inc.*, 2003 WL 22939281, at *1 (D. Del. July 24, 2003) (emphasis added).[1]

2. The Court did not make a clear error in denying Defendants' motion to dismiss Plaintiffs' breach of fiduciary duty claim. Defendants contend that the Court erred by failing to "recognize[] that Plaintiffs suffered no injury in their shareholder capacity and were owed no duties as warrant holders." (D.I. 27 at 6) The Court disagrees. In *Loughlin v. Goord*, 2021 WL 3932616, at *3 (S.D.N.Y. Sept. 1, 2021), a decision relied on by Defendants, the court explained

---

[1] Regrettably, neither party complied with the Local Rules governing the filing of a motion for reconsideration. First, Defendants' motion was untimely filed. Defendants mistakenly styled their motion as a "Rule 59(e) motion for reconsideration." Rule 59(e) governs "[a] motion to alter or amend a judgment," but the Court's denial of Defendants' motion to dismiss is not an entry of "judgment" contemplated by Rule 59(e). The deadline for filing a motion for reconsideration is "14 days after the Court issues its opinion or decision." D. Del. LR 7.1.5(a). Defendants' motion, however, was filed on October 21, 2021, 23 days after the challenged decision was issued. (*See* D.I. 27) Then, Plaintiffs filed an untimely response. A response to a motion for reconsideration should be filed "[w]ithin 14 days after filing of such motion." D. Del. LR 7.1.5(a). Plaintiffs filed their opposition on November 11, 2021, 21 days after Defendants filed their motion, without providing any explanation as to why the response could not have been timely filed. (*See* D.I. 29) Then, 27 days after Plaintiffs filed their response, Defendants filed a "reply" on December 8, 2021. (*See* D.I. 31) A reply brief is not an authorized submission in connection with a motion for reconsideration. *See* D. Del. LR 7.1.5(a). Even assuming Defendants viewed their motion as being governed by Rule 59(e), their reply brief would have been due "within 7 days" after Plaintiffs' response was filed and was, even by this standard, untimely. D. Del. LR 7.1.2(b).

2

that "Plaintiffs at oral argument narrowed their claim of breach of fiduciary duty to a single decision – the decision not to honor Plaintiffs' warrants." In this case, by contrast, the Court considered the entirety of Defendants' alleged misconduct in the "retaliation campaign" and concluded that "[w]hile the purported 'retaliation campaign' resulted, in part, in Plaintiffs being unable to exercise warrants, the alleged fiduciary breaches go beyond merely 'blocking Plaintiffs' efforts to exercise or transfer their warrants' (D.I. 16 at 9)." *Loughlin v. Harada*, 2021 WL 4439539, at *3 (D. Del. Sept. 28, 2021). Furthermore, in this case, Plaintiffs requested damages "in an amount to be determined at trial, but not less than" the damages resulting from Plaintiffs being unable to exercise warrants. (D.I. 12 ¶ 80) There is no indication that Plaintiffs have limited their harm to "the exact amount of warrants," as occurred in the state trial court decision in *Loughlin v. de Bary*. (*See* D.I. 27 Ex. 4) Here, therefore, the Court found, and continues to find, that Plaintiffs' breach of fiduciary duty claim is "based on Plaintiffs' capacity not as warrant holders, but as shareholders." *Harada*, 2021 WL 4439539, at *3.

In connection with the pending motion for reconsideration, Defendants argue, for the first time, that the "allegations of Defendants' participation in a 'retaliatory scheme' fail[] to rebut the business judgment rule." (D.I. 27 at 6) This argument does not form an appropriate basis for reconsideration because Defendants could have made this argument on their motion to dismiss but failed to do so.[2] *See Tucker v. Sec'y of Health & Human Servs.*, 782 F. App'x 223, 224-25 (3d Cir. 2019); *see also Amgen Inc. v. Amneal Pharms LLC*, 2018 WL 1885664, at *5 (D. Del. Apr. 19, 2018) ("A new argument is not the proper subject of a motion for reargument.").

---

[2] Defendants show in their reply brief on the motion for reconsideration that they invoked the business judgment rule in their opening brief in support of the motion for reconsideration. (*See* D.I. 31 at 2) (citing D.I. 27 at 6-7) Defendants fail, however, to demonstrate that they made arguments based on the business judgment rule in connection with their ***motion to dismiss***, which renders these arguments improper on a motion for reconsideration.

3

In any event, the factual allegations in the amended complaint – accepted as true and viewed in the light most favorable to Plaintiffs – allow for a plausible inference that Defendants' participation in the "retaliation campaign" against Plaintiffs has gone "so far beyond the bounds of reasonable business judgment" that its only explanation is bad faith. *Parnes v. Bally Entm't Corp.*, 722 A.2d 1243, 1246 (Del. 1999). Bad faith is a sufficient basis to overcome the presumption of the business judgment rule. *See In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 52 (Del. 2006) ("Those presumptions [of the business judgment rule] can be rebutted if the plaintiff shows that the directors breached their fiduciary duty of care or of loyalty or acted in bad faith.").[3]

3.  With respect to Plaintiffs' libel claim, contrary to Defendants' contention, there is no intervening change in controlling law. Defendants' reliance on both *Goord* and *de Bary* to justify reconsideration is misplaced. (*See* D.I. 27 at 8-10) On state law issues, decisions from a state's lower courts or from federal district courts applying state law, while potentially helpful in predicting how the state's highest court would rule on the issues, do not constitute controlling law that binds this Court. In this case, since neither *Goord* nor *de Bary* was issued by the New York Court of Appeals, they do not represent an intervening change in controlling law for purposes of Defendants' motion for reconsideration.

Additionally, the issue of whether Defendants' 10-Q statement should be afforded qualified privilege (as opposed to litigation privilege) – the dispositive issue for dismissing

---

[3] Defendants contend that Plaintiffs would need to rebut the "presumed independence and disinterestedness of a majority of Rekor's Board." (D.I. 27 at 7) The business judgment rule, however, does not shield independent and disinterested directors who act in bad faith by "intentionally act[ing] with a purpose other than that of advancing the best interests of the corporation," misconduct that Plaintiffs have adequately alleged in the amended complaint. *See In re Walt Disney Co.*, 906 A.2d at 67.

Plaintiffs' libel claim in *Goord* – was not before the Court on the motion to dismiss in this case.[4] Defendants' privilege argument was based solely on their then-imminent litigation against Plaintiffs (*see, e.g.*, D.I. 16 at 19, D.I. 21 at 6), an argument that has been considered and rejected by this Court (and by the *Goord* court, too). *See Harada*, 2021 WL 4439539, at *6; *Goord*, 2021 WL 3932616, at *12-14. Defendants do not explain why they could not have argued, on the motion to dismiss, that the 10-Q statement should be afforded qualified privilege in a context unrelated to a judicial or quasi-judicial proceeding. Even after the *Goord* Court *sua sponte* raised the qualified privilege issue for oral argument[5] and dismissed the libel claim on that ground – a decision issued nearly four weeks before this Court rendered its ruling on Defendants' motion to dismiss in this case – Defendants neither filed a notice of subsequent authority nor requested leave for supplemental briefing to address the applicability of qualified privilege. The Court finds no justification to consider Defendants' qualified privilege argument on the motion for reconsideration.

Even assuming, however, that the disputed 10-Q statement is subject to qualified privilege – an issue that the New York Court of Appeals has not yet addressed – Plaintiffs have alleged facts sufficient to defeat that privilege at this stage of the case. The record that the Court may consider does not allow it to conclude that the 10-Q statement at issue – that the execution

---

[4] The Court disagrees with *de Bary* and continues to find – as did *Goord* – that Defendants cannot avoid liability by arguing that the 10-Q statement restated Rekor's historical position or that it is a protected opinion. (*See* D.I. 27 Ex. 4; *see also Harada*, 2021 WL 4439539, at *4-5; *Goord*, 2021 WL 3932616, at *10-12)

[5] In the order scheduling oral argument on Defendants' motion to dismiss, the *Goord* Court stated: "At argument the parties should be prepared to discuss whether the allegedly libelous statement on Rekor's August 14, 2019 10-Q is subject to any qualified privilege and the applicability of *Chapadeau v. Utica Observer-Dispatch, Inc.*, 341 N.E.2d 569 (N.Y. 1975) to that statement." (*Loughlin v. Goord*, 1:20-cv-6357-LJL-KNF (S.D.N.Y.) D.I. 23)

of the Membership Interest Purchase Agreement had been fraudulently induced by Plaintiffs (*see* D.I. 12 ¶ 87) – falls within the scope of Defendants' disclosure obligations. Given the facts alleged in the amended complaint surrounding Defendants' purported "retaliation campaign," it is not implausible that "the one and only cause for the publication" of the allegedly libelous 10-Q statement was Defendants' "spite or ill will" to defame Plaintiffs. *See Liberman v. Gelstein*, 605 N.E.2d 344, 349-50 (N.Y. 1992).

4. The Court is not persuaded that "the overarching principles of justice and fairness compel the Court to reconsider its denial" of Defendants' motion to dismiss. (D.I. 27 at 10) Defendants do not contend that *Goord* and *de Bary* have an issue preclusive effect on Plaintiffs' claims asserted in the amended complaint. As explained above, both the scope of disputes involved and the arguments presented in this case are different from those in the cases relied on by Defendants. It is, thus, neither unjust nor unfair that the Court has reached a different outcome on Defendants' motion to dismiss in this case.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE